DLD-275                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3979
_____

IN RE: AJAY KAJLA, d/b/a AJSUN INC., Debtor

AJAY KAJLA,
Appellant
v.

WELLS FARGO BANK N.A.; PHELAN HALLINAN DIAMOND & JONES PC;
U.S. BANK N.A., as Trustee for Credit Suisse First Boston MBS ARMT 2005-8;
U.S. BANK N.A. as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable
Rate Mortgage Backed Pass Through Certificates, Series 2005-8
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-16818)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2020
Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: October 2, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ajay Kajla, proceeding pro se, appeals from a final order of the United States District Court for the District of New Jersey. That order affirmed an order of the United States Bankruptcy Court for the District of New Jersey, which dismissed his adversary complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank N.A., as Trustee for Credit Suisse First Boston MBS ARMT 2005-8, and U.S. Bank N.A. as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-8 (collectively, "U.S. Bank"). Because no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

I.

As the background of this appeal is identical to the background in appeal C.A. No. 19-3978, we incorporate our discussion in section I. of our opinion in that appeal, issued contemporaneously with this opinion.

II.

Kajla's appeal of the Bankruptcy Court's order dismissing Wells Fargo and U.S. Bank was docketed in the District Court at Civil Action No. 3-18-cv-16818.[1] Kajla raised four claims, mainly challenging the procedure in the Bankruptcy Court. He argued that the Bankruptcy Court erred by not issuing a written opinion, by exhibiting "clear bias

---

[1] His appeal of the order dismissing Phelan was docketed at Civil Action 3-18-cv-16814. We discuss his appeal from the District Court order in that proceeding in a separate opinion. See C.A. No. 19-3978.

favoring [] Appellees," by granting the motion to dismiss "without looking at the facts," and by failing to "respect the rights of a [pro se] litigant." District Court Memorandum Opinion, Dkt. #19 at 3. The District Court found no error in the Bankruptcy Court's failure to issue a written decision, noting that the Bankruptcy Court had orally provided detailed reasons for the decision. The District Court also found no support for Kajla's claims that the Bankruptcy Court exhibited clear bias, that it failed to consider the facts, or that it failed to respect his rights. The District Court also determined that the Bankruptcy Court properly dismissed the adversary complaint, concluding that it was barred by the Rooker-Feldman doctrine.

Kajla timely appealed. The Clerk granted his motion to proceed in forma pauperis and informed him that we would consider whether the appeal should be dismissed under 28 U.S.C. § 1915(e), and whether summary action was appropriate. Upon the Clerk's invitation, Kajla provided argument in support of this appeal.

### III.

We incorporate by reference the discussion of jurisdiction and the legal issues on appeal from section III. of our opinion in C.A. No. 19-3978. We additionally conclude that the New Counts of Kajla's adversary complaint against Wells Fargo and U.S. Bank, like those against Phelan, challenge "allegedly fraudulent and illegal conduct in effectuating the foreclosure of Kajla's mortgage," and that those claims arise "directly out of the mortgage that is the basis of the foreclosure action." See Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. MBS ARMT 2005-8, 806 F. App'x 101, 105 (3d Cir. 2020) (not precedential). As those New Counts are thus "germane" to the

3

foreclosure action, they are barred from later litigation by the entire controversy doctrine.

See id.

IV.

For all these reasons and those explained in our opinion in Kajla's appeal docketed at

C.A. No. 19-3978, we will affirm the District Court's judgment.